# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| PETER MEYERS, <br><br> Plaintiff, <br><br> vs. <br><br> UBER EATS, *et al.*, <br><br> Defendants. | Case No. 2:19-cv-01758-APG-VCF <br><br> **ORDER** <br><br> APPLICATION TO PROCEED *IN FORMA PAUPERIS* (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1) |

Before the Court are *pro se* plaintiff Peter Meyers's application to proceed *in forma pauperis* (ECF No. 1) and complaint (ECF No. 1-1). Plaintiff's *in forma pauperis* application is granted and his complaint is dismissed without prejudice.

## DISCUSSION

Plaintiff's filings present two questions: (1) whether Williams may proceed *in forma pauperis* under 28 U.S.C. § 1915(a) and (2) whether Williams's complaint states a plausible claim for relief.

**I.  Plaintiff Meyers May Proceed *In Forma Pauperis***

Meyers 's application to proceed *in forma pauperis* is granted.  Under 28 U.S.C. § 1914(a), all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). See *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir.1999). Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security therefor" if such person submits an affidavit demonstrating that the person is "unable to pay such fees or give security therefor."

Meyers's application to proceed *in forma pauperis* includes a completed application to proceed in district court without prepaying fees or costs. Plaintiff's application declares under penalty of perjury that he is unable to pay the costs of these proceedings and declares that his gross wages and take-home wages equal zero dollars per month. Plaintiff declares that in the past twelve months, he received income from his position as a poker dealer until August 13, 2019. Plaintiff reports he has $800 in his checking or savings account. Plaintiff's regular monthly expenses total $1,020 per month and has debt relating to his car loan. Plaintiff's application to proceed *in forma pauperis* is granted.

## II.  Plaintiff's Complaint Fails to State a Claim Upon Which the Court May Grant Relief

When the Court has granted an application to proceed *in forma pauperis*, it must review plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is

2

clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff Meyers filed a complaint against Uber Eats, Uber, and Checkr. (ECF No. 1-1 at 1). Meyers alleges defendants mishandled his personal information, presented him with false information, ignored his responses, and suspended his Uber Eats driver account, thereby causing plaintiff to lose $400 dollars per week in wages he would have received had his driver's account not been suspended. (ECF No. 1-1 at 1). Plaintiff emailed Checkr after discovering his Uber Eats driver account was in a suspended status. (ECF No. 1-1 at 9). In response, defendant Checkr informed plaintiff that the licensing information they have on file indicates that plaintiff's Louisiana license has been cancelled. (ECF No. 1-1 at 8). Plaintiff has attempted to correct Checkr's information by providing his current Nevada license number, but his attempts have been unsuccessful. (ECF No. 1-1 at 7).

Plaintiff indicates on his civil cover sheet that the basis of jurisdiction for this suit is federal question and the nature of the suit is civil rights relating to employment. Jurisdiction would be proper in this Court if it were clear on the face of the complaint that there is a federal question where the cause of action is created by federal law. *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). Plaintiff's complaint has not stated a claim under federal law that provides a legal entitlement to a remedy.

Jurisdiction could also be proper in this Court under diversity jurisdiction. 28 U.S.C. § 1332 provides "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." For diversity jurisdiction to exist, a plaintiff would need to indicate the citizenship of every party to show that each plaintiff is a citizen of a different state from each defendant. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Plaintiff here has not indicated the

citizenship of the parties and has not alleged the amount in controversy exceeds $75,000. Plaintiff's complaint alleges that he has lost $400 per week since plaintiff's account was suspended on September 14, 2019, making plaintiff's alleged loss approximately $3,600. This amount does not exceed $75,000. Plaintiff also did not plead that each defendant is a citizen of a different state than the plaintiff.

Plaintiff's complaint fails to state facts supporting a claim upon which relief can be granted that would fall under the jurisdiction of this court. Plaintiff's complaint is dismissed without prejudice.

ACCORDINGLY,

IT IS ORDERED that Meyers's application to proceed *in forma pauperis* (ECF No. 1) is granted.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Meyers's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Meyers has until December 23, 2019 to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that addresses the deficiencies noted in this order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

IT IS SO ORDERED.

DATED this 21st day of November 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE